BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT CHARLOTTE,   )
NORTH CAROLINA, ON SEPTEMBER 11, 1974    )   DOCKET NO. 202

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR 30 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On September 11, 1974, an Eastern Air Lines DC-9 jet crashed into woods some 3.3 miles from Runway 36 at Douglas Municipal Airport, Charlotte, North Carolina. The plane was making an intermediate stop in its flight from Chicago, Illinois, to Charleston, South Carolina. Seventy-two of the eighty-two persons aboard the craft died as a result of the crash.

This litigation presently consists of fifteen actions pending in four districts: ten in the District of South Carolina, two in the Western District of North Carolina, two in the Southern District of New York and one in the Eastern District of Virginia. Defendant Eastern moves the Panel for an order transferring these actions to either the Western District of North Carolina or the District of South Carolina for coordinated or consolidated pretrial proceedings, while the plaintiff in one of the actions pending in the Western District of North Carolina

---

\* Although Judge Wisdom was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

FOR INFORMATION ONLY
NO ACTION REQUIRED
...nsferee court will
... of this order
... court.

moves for transfer of the actions to that district. [1] All responding parties recognize the propriety of transfer under Section 1407 but disagree over whether the Western District of North Carolina or the District of South Carolina is the appropriate transferee court. These actions plainly involve common questions of fact and we find that their transfer to the Western District of North Carolina for pretrial proceedings pursuant to 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. [2]

Proponents of the District of South Carolina as the transferee forum argue that transfer there is preferable since forty-five of the passengers aboard the craft were residents of South Carolina, whereas only two were residents of North Carolina.

---

[1] Five actions that were originally filed in Florida state court and later removed by defendant Eastern to the Southern District of Florida were included in the motions for transfer. Prior to the Panel hearing, however, those actions were remanded to Florida state court pursuant to 28 U.S.C. §1447(c). Since the Panel is only authorized under 28 U.S.C. §1407 to transfer actions that are pending in federal districts, we no longer have jurisdiction over the Florida actions. In addition, two actions filed in the District of South Carolina were also included in the motions for transfer but have since been dismissed. Thus, the question of their transfer under Section 1407 has become moot.

[2] Since the Panel hearing, defendant Eastern and plaintiff in the action entitled Alma L. Singleton, etc. v. Eastern Airlines, Inc., D. South Carolina, Civil Action No. 1325, have agreed to a stipulation whereby Eastern has admitted its liability for actual damages in exchange for plaintiff's waiving any claim to punitive damages. Consequently, the action will only be tried on the issue of damages. Since the common questions of fact in air disaster litigation normally relate to the issue of liability, transfer of the Singleton action under Section 1407 is inappropriate. Accordingly, it is not included in the transfer we are herewith ordering.

In addition, they urge the District of South Carolina because the majority of the actions are already pending in that district.

Because the federal districts being considered for the transferee forum for this litigation are in proximity to each other, the selection of either one will not substantially inconvenience any of the parties. On balance, we are persuaded that the Western District of North Carolina is the more appropriate choice. Since the crash occurred within that district, most of the eyewitnesses as well as the air traffic controllers who were issuing instructions to the aircraft are located there. Moreover, the tape recordings of the communications between the aircraft and the controllers and the documents relating to the flight plan, route and approach path of the aircraft are in the Charlotte Tower at Douglas Municipal Airport. Thus, North Carolina will be the focal point for discovery on the issue of liability.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Western District of North Carolina be, and the same hereby are, transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable James B. McMillan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

| SCHEDULE A | DOCKET NO. 202 |
|---|---|
| **SOUTHERN DISTRICT OF NEW YORK** | |
| Regina R. Ladd, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-4635 |
| Melvin Sanders, Jr., etc. v. Eastern Air Lines, Inc., et al. | Civil Action No. 74-5458 |
| **EASTERN DISTRICT OF VIRGINIA** | |
| Stephen C. Swain, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-463-N |
| **WESTERN DISTRICT OF NORTH CAROLINA** | |
| Mrs. Betty Stamey Shelley, etc. v. Eastern Air Lines, Inc. | Civil Action No. C74-260 |
| Mrs. Lydia Burk Norem v. Eastern Air Lines, Inc. | Civil Action No. C75-31 |
| **DISTRICT OF SOUTH CAROLINA** | |
| Sam H. Brummer, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-1270 |
| Caroline B. Burnham v. Eastern Air Lines, Inc. | Civil Action No. 74-1572 |
| Robert M. Burnham v. Eastern Air Lines, Inc. | Civil Action No. 74-1477 |
| Patricia N. Hendrix v. Eastern Air Lines, Inc. | Civil Action No. 74-1576 |
| Royal F. Hendrix, III v. Eastern Air Lines, Inc. | Civil Action No. 74-1462 |
| Scott R. Johnson, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-1479 |
| Linda Gail Schulze v. Eastern Air Lines, Inc. | Civil Action No. 74-1640 |
| Jean J. McFall, etc. v. Eastern Air Lines, Inc. | Civil Action No. 75-12 |
| James L. Schulze, Jr. v. Eastern Air Lines, Inc. | Civil Action No. 74-1641 |